

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Carl Periman
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-2208
Re: Under the facts stated, are the
husband and wife entitled to
vote in the July primary of 1940
without having paid a poll tax?

We are pleased to reply to your letter of recent date in which you request the opinion of this department as to whether or not the individuals described may vote in the July primary of 1940 without holding poll tax receipts for the year 1939.

We quote as follows from your letter for the factual background to your request: "Mr. Lonie Tune and wife, both of whom were over 21 years and under 60 years of age, moved to Hall County, Texas from the State of Oklahoma in March 1939, and established their residence in Hall County, Texas.

"Mr. and Mrs. Tune desire to vote in the July Primary of 1940. They do not hold a poll-tax receipt for the year 1939 in Texas. They were not assessed for poll tax of 1939, because they were not living in Texas on January 1st, 1939.

" . . ."

Section 2 of Article VI of the Constitution of Texas, adopted in July 1921, in part, provides as follows:

"Section 2. Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; . . ."

Article 2959, Revised Civil Statutes of Texas, provides as follows:

"Art. 2959. Liable To Poll Tax.— A poll tax shall be collected from every person between the ages of twenty-one and sixty years who resided in this State on the first day of January preceding its levy, Indians not taxed, persons insane, blind, deaf or dumb, and those who have lost a hand or foot,

or permanently disabled, excepted. It shall be paid at any time between the first day of October and the first day of February following; and the person whom he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid." (Emphasis ours).

Article 2955, Revised Civil Statutes of Texas, provides, in part, as follows:

"Art. 2955. Qualifications for Voting. — Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which he or she offers to vote, shall be deemed a qualified elector. The electors living in an unorganized county may vote at an election precinct in the county to which such county is attached for judicial purposes; provided that any voter who is subject to pay a poll tax under the laws of this State or ordinances of any city or town in this State, shall have paid said tax before offering to vote at any election in this State and holds a receipt showing that said poll tax was paid before the first day of February next preceding such election; . . ." (Emphasis ours).

A person is not liable for the payment of a poll tax unless he shall have resided in this State on the first day of January preceding its levy; it follows that a person who moves to Texas from another state in March of the year 1939 is not liable for the payment of a poll tax to qualify him to vote in the year 1940. Earnest v. Woodlee, 208 SW 963 (Court of Civil Appeals, writ dismissed).

Assuming, therefore, that the persons described in your letter have complied with Article 2968a, Vernon's Annotated Civil Statutes, (Acts 1935, 44th Leg., p. 686, ch. 292, § 1), pertaining to Certificates of Exemption, you are respectfully advised that it is the opinion of this Department that they would be entitled to vote in the July Primary of 1940 without having paid a poll tax in the State of Texas, if otherwise qualified under the Constitution and Statutes.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley

Zollie C. Steakley
Assistant

ZCS:ob: egw

APPROVED JUNE 29, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman